■ ANDREW MUNDO INC., Appellant, v LIBERTY MUTUAL GROUP, Respondent. [772 NYS2d 331]—

Order, Supreme Court, Bronx County (Dianne Renwick, J.), entered December 26, 2002, which, in a declaratory judgment action involving whether the subject business auto policy obligates defendant insurer to defend and indemnify plaintiff insured in an underlying action for property damage sustained by a trailer that plaintiff was hauling, granted defendant's motion for summary judgment declaring that it is not so obligated by reason of the policy's care, custody or control exclusion, unanimously affirmed, without costs.

By its terms, the policy's care, custody or control exclusion applies to "[p]roperty damage to property owned or transported by the insured or in the insured's care, custody or control." Thus, any obligation defendant has to defend and indemnify plaintiff for property damage is limited to vehicles that were neither owned by plaintiff nor being transported by him or otherwise under his care, custody or control when damaged. Since the trailer in question, which is owned by the subrogor of

the plaintiff in the underlying action, was under the care, custody or control of plaintiff herein at the time of the accident, the exclusion applies. This conclusion appears consistent with the policy's declarations page, which indicates that plaintiff purchased coverage for "liability," "personal injury protection" and "uninsured motorists," but not, inter alia, "trailer interchange comprehensive coverage," "trailer interchange collision coverage," "physical damage comprehensive coverage" or "physical damage collision coverage." As defendant maintains, the policy is for "liability," not "collision."

We would reach the same result, i.e., a declaration that defendant is not obligated to defend or indemnify plaintiff in the underlying action, even if we were to construe defendant's disclaimer as based exclusively, rather than additionally, on the claim that the damaged trailer is not the trailer listed on the policy's schedule of covered autos. In this regard, the disclaimer states that the VIN number of the trailer involved in the accident is 2A5WF8B4PTO53386, whereas the policy lists the covered trailer's VIN number as 2A9SWF8BOPT053392. Plaintiff contends that the two numbers are close enough to permit an inference that the difference is due to a typographical error. On the present record, there is nothing to support such inference and no further inquiry is warranted. Concur—Andrias, J.P., Ellerin, Williams and Gonzalez, JJ.